# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* | : | |
| | : | |
| THOMAS A. NELSON, JR. | : | |

**MOTION IN LIMINE AND MEMORANDUM IN SUPPORT
TO BAR MENTION OR EVIDENCE OF NON-TESTIFYING
FORMER FBI AGENT'S CRIMINAL CONVICTION**

The United States of America, through undersigned counsel, respectfully moves to preclude the defense from making statements or introducing evidence at trial concerning a non-testifying former FBI agent's criminal conviction unrelated to this matter.

**I.     FACTS**

The defendant's indictment is based on a long-running and extensive undercover operation known as Operation Blighted Officials. This undercover operation began in the Middle District of Louisiana after federal authorities uncovered evidence that one of the defendant's close associates, George L. Grace, Sr. ("Grace"), the mayor of St. Gabriel, Louisiana, had engaged in multiple extortion schemes using his public office, including an attempt to obtain over $2,000,000 worth of a project. One of his schemes was aimed at a businessman based in Baton Rouge whose company did business with St. Gabriel. The other scheme was aimed at a businessman based in Houston in connection with projects in St. Gabriel. Further investigation confirmed these extortion schemes and indicated that Grace engaged in a regular pattern of bribery and extortion.

To determine the scope and depth of the corruption surrounding Grace, federal law enforcement authorities used an undercover operation involving a conceptual product known as the "Cifer 5000." The operation involved a paid confidential source named William Myles ("Myles") introducing himself to Grace as a developer and businessman with projects ranging from real estate developments to a trash can cleaning business, i.e., Cifer 5000.[1] Myles and Grace subsequently engaged in several bribery transactions involving real estate development projects in St. Gabriel. Myles also introduced Grace to then-FBI Special Agent Darin McAllister ("McAllister") who was an undercover FBI agent posing as a venture capitalist involved in the Cifer 5000 project.[2]

During the course of the investigation, Grace identified the defendant and two other public officials[3] as his close associates and indicated that they were like him, in that they would take bribes. In October 2008, Grace arranged for the defendant and the other two public officials to meet with Grace, Myles, and McAllister at a condominium in New Orleans to discuss the Cifer 5000 and the possibility of the various municipalities contracting for the Cifer 5000. It was understood that the meeting would also include tickets to the New Orleans Saints game paid for by Myles and McAllister. During the meeting, Grace obtained $2,000

---

[1] Myles is a citizen who was paid to work for the FBI in a covert capacity. Myles is not facing any federal or state charges and has no prior convictions.

[2] McAllister's employment with the FBI has since been terminated due to his convictions.

[3] Mayor Maurice Brown of White Castle, Louisiana, and Mayor Derek Lewis of Port Allen, Louisiana. Mayor Brown was recently convicted for his role in this bribery scheme. See United States v. Maurice Brown, Criminal No. 100-BAJ-SCR (M.D.La.). Mayor Lewis has been indicted and is scheduled for trial on July 25, 2011.

2

Case 3:10-cr-00099-BAJ -SCR   Document 61   05/09/11   Page 2 of 7

in cash from McAllister and later distributed the cash to the defendant and the other two public officials. The defendant took the cash and the ticket. The defendant subsequently solicited and continued taking cash and other things of value from Myles, McAllister, and a second undercover FBI agent.

In December 2010, McAllister was convicted in the Middle District of Tennessee of various charges related to his personal finances. See United States v. Darin Lee McAllister, No. 3:10-00138 (M.D. Tenn.). Those charges are unrelated to his work with the FBI and this matter in particular. McAllister has been terminated by the FBI.

## II. DISCUSSION

Evidence and statements concerning McAllister's pending criminal charges should be barred. Such impeachment evidence is potentially relevant and admissible only if McAllister testifies as a government witness or the government introduces hearsay statements made by McAllister. We do not intend for either to occur.

First, the United States does not intend to call McAllister as a witness. We intend to introduce certain recordings involving him and the defendants through other witnesses.[4]

---

[4] Notably, the Confrontation Clause of the U.S. Constitution is not implicated by McAllister's absence as a witness. As discussed *infra*, McAllister's statements in the recordings are not being offered for the truth of the matter asserted. Rather, they are being offered to provide context to the defendant's statements. Accordingly, such statements are admissible under the Confrontation Clause. See Crawford v. Washington, 541 U.S. 36, 59 n. 9 ("The [Confrontation] Clause also does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."); United States v. Pryor, 483 F.3d 309, 312 (5th Cir. 2007) (same).

3

Second, the United States does not intend to use any hearsay statements made by McAllister such that he could be impeached as an out-of-court declarant under Rule 806 of the Federal Rules of Evidence. Rule 806 permits the credibility of the declarant to be attacked if the declarant's hearsay statement has been admitted in evidence and further permits that "attack to be supported by any evidence which would be admissible for those purposes if declarant had testified as a witness." Fed.R.Evid. 806.

The courts have long recognized that statements of a government agent on a recording with the defendant are not hearsay. See United States v. Gutierrez-Chavez, 842 F.2d 77, 81 (5th Cir. 1988). This is because such statements by a government agent are not introduced "to prove their truth, but rather to prove only that they were uttered" in order to provide context to defendant's statements. Id. Accordingly, since such statements are not hearsay, the out-of-court declarant (McAllister) is not subject to impeachment under Rule 806. See, e.g., United States v. McGowan, 58 F.3d 8, 15-16 (2nd Cir. 1995) (holding district court properly excluded impeachment of a non-testifying "central figure" whose out-of-court statements, which were recordings with defendant, were not admitted for their truth); United States v. Perez, 2005 WL 2709160 (S.D.N.Y. Oct. 20, 2005) (granting similar motion in limine, holding: "Because the informant's statements are not hearsay, and because the government will not call the informant as a witness at trial, it follows that defendant may not impeach the credibility of the informant.").[5] Indeed, in the related matter of United States v. Maurice

---

[5] Since McAllister's statements will not be admitted for the truth of the matter asserted, a limiting instruction to the jury will be necessary. A failure to include such a limiting instruction would transform the statements into hearsay since it would allow the jury to consider

Brown, et al., Criminal No. 10-100-BAJ-SCR, the court addressed the same issue involving essentially the same facts and held that McAllister's convictions were not admissible since he was not a witness.

### III.    CONCLUSION

Accordingly, the United States respectfully requests that the Court preclude the defendant and his counsel from making statements or introducing evidence at trial concerning McAllister's convictions.

UNITED STATES OF AMERICA, by

JAMES STANLEY LEMELLE
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Michael J. Jefferson, LBN 22430
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: corey.amundson@usdoj.gov

---

McAllister's statements for the truth of the matter. In that situation, the defendant would be permitted to impeach the out-of-court declarant under Rule 806. See United States v. Burton, 937 F.2d 324 (7th Cir. 1991) (statements of non-testifying informant on recordings with defendant had to be taken as hearsay testimony because of a failure to include an instruction directing jurors to use such statements only to put defendant's statements in context).

5

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* | : | |
| | : | |
| THOMAS A. NELSON, JR. | : | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the within Motion In Limine And Memorandum In Support To Bar Mention Or Evidence Of Non-Testifying Former FBI Agent's Criminal Conviction was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Attorneys of Record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 9th day of May, 2011.

UNITED STATES OF AMERICA, by

JAMES STANLEY LEMELLE
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
E-mail: corey.amundson@usdoj.gov

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* | : | |
| | : | |
| THOMAS A. NELSON, JR. | : | |

## ORDER

This matter comes before the Court on the United States' Motion in Limine to Bar Mention or Evidence of a Non-Testifying Former FBI Agent's Criminal Convictions. After due consideration, the motion is GRANTED.

IT IS ORDERED that evidence and statements concerning Darin McAllister's convictions are barred.

So ordered this _____ day of May, 2011, Baton Rouge, Louisiana.

_____
THE HONORABLE RALPH E. TYSON
CHIEF JUDGE, U.S. DISTRICT COURT

7