IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES | : | |
| --- | --- | --- |
| | : | |
| *versus* | : | CRIMINAL NO. 10-99-RET-SCR |
| | : | |
| THOMAS A. NELSON, JR., | : | |
| | : | |
| Defendant. | : | |

# DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO BAR MENTION OR EVIDENCE OF NON-TESTIFYING FORMER FBI AGENT'S CRMINAL CONVICTION

The government has filed a motion asking this Court to prohibit Defense Counsel from introducing evidence at trial that former FBI Special Agent Darin McAllister ("McAllister") was convicted of multiple mortgage fraud and bankruptcy fraud charges in the Middle District of Tennessee late last year.

While it is certainly understandable that the government would want to prevent the jury from hearing about McAllister's fraudulent conduct and related convictions, Defense Counsel respectfully contends that this Court should reserve its ruling on both the admissibility of McAllister's statements in the recorded conversations and his federal felony convictions until the recorded conversations are introduced at trial.

The government has identified 102 recorded conversations (including video tapes) that it may introduce at trial. McAllister is a participant in 32 of these

conversations (constituting approximately 16 hours of tape), and most of those conversations involve just McAllister and Defendant.

The government is correct in its assertion that many of the statements made by McAllister in these recorded conversations would not constitute hearsay. There are, however, many other statements made by McAllister in his conversations with Defendant that do appear to contain factual assertions that would necessarily be offered for the truth of the matter asserted. Without knowing exactly which recorded conversations the government intends to introduce at trial, Defense Counsel cannot verify whether or not the statements made by McAllister would constitute inadmissible hearsay[1].

Additionally, the Court should reserve ruling on this matter because there may be reasons why McAllister's fraudulent conduct and convictions would be admissible aside from impeachment under Rules 608 and 609. The fact that McAllister was himself under investigation at the time he investigated Defendant may very well have affected the course and duration of the government's actions in this case. At the very least, the mere fact that McAllister was being investigated by the government would create a very powerful motive for McAllister to get

---

[1] Of course, if the recorded conversations contain any hearsay statements made by McAllister, then those statements would be inadmissible. Counsel is not aware of any hearsay exception which would allow the introduction of those statements without McAllister testifying as a witness at trial. Perhaps this issue is not so much a question of proper impeachment, but a question of whether the statements would be admissible at all.

2

Defendant to agree to accept some type of bribe so that McAllister could curry favor with the Department of Justice. That is especially true since McAllister's indictment was returned less than three months after his last attempted contact with Defendant. Whether the other government witnesses are aware of any such motive or bias cannot be determined until those witnesses testify at trial.

For these reasons, Defendant respectfully requests that this Court defer any ruling on the admissibility of McAllister's recorded statements, fraudulent conduct and felony convictions until trial.

Respectfully submitted, this 11th day of May, 2011.

        s/Page A. Pate
        Page A. Pate
        *Admitted as a Visiting Attorney*
        Georgia Bar No. 565899
        Pate & Brody, LLP
        101 Marietta Street, Suite 3300
        Atlanta, Georgia 30303
        (404) 223-3310
        Attorney for Defendant

        s/ Michael A. Fiser
        MICHAEL A. FISER
        Attorney at Law
        830 Main Street
        Baton Rouge, LA 70802
        Phone: (225)343-5059
        Fax: (225)336-4667
        Email: michael@fiserlaw.com
        Bar Roll No: 28575
        Local Counsel for Defendant

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Defendant's Response to Government's Motion in Limine to Bar Mention or Evidence of Non-Testifying Former FBI Agent's Criminal Conviction with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 11th day of May, 2011.

s/Page A. Pate
Page A. Pate
*Admitted as a Visiting Attorney*
Georgia Bar No. 565899
Pate & Brody, LLP
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant


s/ Michael A. Fiser
MICHAEL A. FISER
Attorney at Law
830 Main Street
Baton Rouge, LA 70802
Phone: (225)343-5059
Fax: (225)336-4667
Email: michael@fiserlaw.com
Bar Roll No: 28575
Local Counsel for Defendant