UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* | : | |
| | : | |
| THOMAS A. NELSON, JR. | : | |

**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE TO
MOTION IN LIMINE TO BAR MENTION OR EVIDENCE OF
NON-TESTIFYING FORMER FBI AGENT'S CRIMINAL CONVICTION**

The United States of America, through undersigned counsel, respectfully submits this reply to the defendant's response to our motion to bar mention or evidence of non-testifying former FBI agent's criminal conviction.

**I.    DISCUSSION**

The United States is asking the Court to bar mention or evidence of non-testifying former FBI Undercover Special Agent Darin McAllister's convictions since he will not be a witness and his statements on the recordings will not be admitted for the truth of the matter asserted.[1]  In his response, the defendant appears to concede that such information is inadmissible for impeachment under Rules 608 and 609.  The only justification offered by the defendant for the introduction of such evidence is that the investigation of McAllister would evidence his motive or bias toward the U.S. Department of Justice during his involvement in this undercover operation since he was under investigation for some of that period.  While an

---

[1] While the motion centers on McAllister's convictions themselves, evidence or mention of the conduct underlying the convictions and the DOJ Inspector General investigation leading to the convictions is similarly inadmissible.

argument could be made that such motive or bias would be admissible in the event McAllister testified, but there are no grounds for its admission where McAllister is not a witness. Indeed, the defendant's suggestion that he intends to ask government witnesses about whether they were aware of any such motive or bias by McAllister is clearly out of bounds and reflects the need to resolve this issue pretrial.

The defendant spends most of his response addressing an issue separate from the admissibility of McAllister's convictions. He questions the admissibility of some of the statements of McAllister on the recordings, claiming that they would "necessarily be offered for the truth of the matter asserted" and therefore would constitute inadmissible hearsay.

The United States has no intention of seeking the admission of statements by McAllister for the truth of the matter asserted and agrees that such statements should not be admitted for that purpose. All of his statements will be introduced for context. See United States v. Gutierrez-Chavez, 842 F.2d 77, 81 (5th Cir. 1988) (statements by a government agent on a recording with the defendant are not introduced "to prove their truth, but rather to prove only that they were uttered" in order to provide context to defendant's statements). This is the same for every case involving undercover recordings, whether it involves drugs, guns, or public corruption. The statements of the undercover (whether a cooperator or an agent) are introduced merely to provide context to the defendant's statements. In fact, the United States intends to seek a limiting instruction to ensure that the jury understands that McAllister's statements are not admitted for the truth of the matter asserted.

2

While the resolution of the underlying motion does not require an examination of the admissibility of the recordings involving McAllister, the Court and the parties may be well-served to attempt to address the issue before trial in order to minimize disruption and delays at trial. In his argument, while conceding that many of the statements made by McAllister in the recorded conversations do not constitute hearsay, the defendant claims: "There are, however, many other statements made by McAllister in his conversations with Defendant that do appear to contain factual assertions that would necessarily be offered for the truth of the matter asserted." Def.'s Response at 2. The defendant does not specify the "many other statements made by McAllister" that he believes would "necessarily be offered for the truth of the matter asserted," but appears to have identified such statements through his review of the recordings. The United States suggests that the Court direct the defendant to identify such statements to which he has such an objection. The parties could confer and, if agreement is not reached, the United States could be required to justify to the Court the admission of any such objectionable statements.

Such a procedure would avoid the tedious and time-consuming exercise of addressing such objections during the trial as the recordings and transcripts are being introduced, particularly if it is decided that a statement should be redacted. That situation would present a logistical nightmare, and the entire process would undoubtedly result in significant delays in the presentation of evidence.

In an effort to promote an orderly and efficient trial, the United States has specifically identified for the defense those recording involving McAllister that we may use at trial. We

3

Case 3:10-cr-00099-BAJ -SCR   Document 72   05/12/11   Page 3 of 5

have also provided transcripts of many of those conversations and intend to provide the remaining transcripts tomorrow. These steps should allow the defendant to identify objectionable statements to the extent he has not already done so.

## II. CONCLUSION

Accordingly, the United States respectfully requests that the motion be granted and that the Court implement a procedure to address before trial the defendant's objections concerning the admissibility of certain recordings. Such objections during trial would be a tremendous disruption and delay.

UNITED STATES OF AMERICA, by

JAMES STANLEY LEMELLE
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Michael J. Jefferson, LBN 22430
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: corey.amundson@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* | : | |
| | : | |
| THOMAS A. NELSON, JR. | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within United States' Reply to Defenadant's Responce to Motion In Limine And Memorandum In Support To Bar Mention Or Evidence Of Non-Testifying Former FBI Agent's Criminal Conviction was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Attorneys of Record by operation of the court's electronic filing system.

Baton Rouge, Louisiana, this 12th day of May, 2011.

                 UNITED STATES OF AMERICA, by

                 JAMES STANLEY LEMELLE
                 Attorney for the United States, Acting Under
                 Authority Conferred by 28 U.S.C. § 515

                 /s/ Corey R. Amundson
                 Corey R. Amundson, LBN 28865
                 Assistant United States Attorney
                 777 Florida Street, Suite 208
                 Baton Rouge, Louisiana 70801
                 Telephone: (225) 389-0443
                 E-mail: corey.amundson@usdoj.gov