UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| *versus* | : | CRIMINAL NO. 10-99-RET-SCR |
| | : | |
| THOMAS A. NELSON, JR. | : | |

### TRIAL BRIEF REGARDING SCOPE OF IMPEACHMENT UNDER RULE 609

**MAY IT PLEASE THE COURT:**

The United States submits this memorandum to address the proper scope of impeachment by evidence of a conviction and the relationship between Federal Rules 609(a) and 608(b).

**Discussion**

Under Rule 609(a), a witness may properly be impeached with a prior conviction for certain types of crimes described in the rule. *See* FED. R. EVID. 609(a). For example, subject to certain limitations set forth in subsections (b) and (c), "evidence that a witness other than an accused is convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted." FED. R. EVID. 609(a)(1). Where the crime at issue "involved dishonesty or false statement," the conviction may be used to impeach any witness, regardless of the punishment. FED. R. EVID. 609(a)(2). Accordingly, provided that the

-1-

witness has convictions of the type that may be properly used for impeachment, the cross-examiner may be permitted to question the witness about "the number of convictions, the nature of the crimes, and the dates and times of the convictions." *United States v. Gordon*, 780 F.2d 1165, 1176 (5th Cir. 1986) (affirming the trial court's ruling to limit defense counsel's cross-examination of a government witness, explaining that "[t]he cross-examination was properly limited when [the defendant's] counsel attempted to question [the government witness] regarding the particular facts of [the witness's] previous convictions).

Once a witness has been impeached with a conviction under Rule 609(a), the witness can not also be impeached with any of the specific conduct underlying the conviction. *See, e.g.*, *United States v. Morrow*, 537 F.2d 120, 141 n. 31 (5th Cir. 1976) (discussing the difference between the introduction of a prior conviction to impeach a witness and the introduction of a prior conviction to prove an element of the crime charged, and explaining, "[i]n the latter case, evidence of underlying facts is usually admissible, while in the former case underlying facts may be neither proved nor disputed").

The Ninth Circuit recently explained the interplay between Rules 609(a) and Rule 608(b) as follows:

> Rule 608(b) permits impeachment only by specific acts that *have not resulted in a criminal conviction*. Evidence relating to impeachment by way of criminal conviction is treated exclusively under Rule 609.

*United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (emphasis added). In *Osazuwa*, the Government unsuccessfully argued that the difference between Rules 608 and 609 is merely one of extrinsic evidence—that Rule 608 limits the use of extrinsic evidence to prove

specific instances of a witness's conduct but does not bar the use of extrinsic evidence to prove a criminal conviction that is admissible under Rule 609. The court rejected the Government's position, recognizing "the unfairness that would result if evidence relating to a conviction is prohibited by Rule 609 but admitted through the backdoor of Rule 608." *Osazuwa*, 564 F.3d at 1174.

Numerous courts have specifically held that where a witness is subject to impeachment based on a criminal conviction, the indictment cannot be used as part of the impeachment effort. *See, e.g., In re Olson*, 276 Fed. Appx. 641, 2008 WL 1932014, at *1 (9th Cir. 2008) ("Contrary to his contention on appeal, Olson could not have used a witness's indictment for bankruptcy fraud as impeachment evidence because [Rule] 609(a) only permits evidence that a witness "has been convicted of a crime."); *Prince v. Thurmer*, 514 F.3d 729, 731 (7th Cir. 2008) ("But no more than Wisconsin evidence law do the Federal Rules of Evidence permit impeachment by an indictment, as distinct from a conviction."); *cf. United States v. Sims*, 434 F.2d 258, 259 (5th Cir. 1970) (affirming the trial court's decision to exclude an indictment offered against a government witness, where the witness had "fully

-3-

Case 3:10-cr-00099-BAJ -SCR   Document 93   06/19/11   Page 3 of 5

admitted the conviction," because "[f]ull admission of the charges and the punishment imposed" was sufficient for impeachment purposes).

                UNITED STATES OF AMERICA, by

                JAMES STANLEY LEMELLE
                Attorney for the United States, Acting Under
                Authority Conferred by 28 U.S.C. § 515

                /s/ Corey R. Amundson
                Corey R. Amundson, LBN 28865
                M. Patricia Jones, LBN 18543
                Michael J. Jefferson, LBN 22430
                Assistant United States Attorneys
                777 Florida Street, Suite 208
                Baton Rouge, Louisiana 70801
                Telephone: (225) 389-0443
                Fax: (225) 389-0561

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 10-99-RET-SCR |
| *versus* : | |
| : | |
| THOMAS A. NELSON, JR. : | |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within *Trial Brief Regarding Scope of Impeachment Under Rule 609* was served on defense counsel through electronic service.

Baton Rouge, Louisiana, this 19th day of June, 2011.

UNITED STATES OF AMERICA, by

JAMES STANLEY LEMELLE
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515

/s/ Corey R. Amundson
Corey R. Amundson, LBN 28865
M. Patricia Jones, LBN 18543
Michael J. Jefferson, LBN 22430
Assistant United States Attorneys
777 Florida Street, Suite 208
Baton Rouge, Louisiana 70801
Telephone: (225) 389-0443
Fax: (225) 389-0561