UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

THOMAS A. NELSON, JR.

CRIMINAL ACTION

NO.: 10-00099-BAJ

## RULING AND ORDER

Before the Court are the two **Motions to Clarify Matters Considered by the Court in its Resentencing Defendant on March 14, 2014 (Docs. 218, 220)** filed by Petitioner, Thomas A. Nelson, Jr. The United States filed an opposition. (Doc. 234). For the following reasons, the motions are **DENIED**.

On August 18, 2010, Petitioner, the former Mayor of the City of New Roads, Louisiana, was charged by superseding indictment with violating several bribery laws. (Doc. 30). On June 22, 2011, the jury found Petitioner guilty on each count in the superseding indictment.[1] (Doc. 112). On January 17, 2012, Petitioner was sentenced to a term of imprisonment of 132 months, and two years of supervised release. (Doc. 140). Subsequently, the United States Court of Appeals for the Fifth Circuit affirmed the conviction, but ordered the Court to recalculate the sentence. (Doc. 179).

---

[1] Those violations included: Racketeering Influenced and Corrupt Organizations Act ("RICO"), in violation of 18 U.S.C. § 1962(c) (Count One); Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 1346 (Count Two); Use of Interstate Facility in Aid of Racketeering, in violation of 18 U.S.C. 1952 (Counts Three – Six); and Making False Statements, in violation of 18 U.S.C. § 1001 (Count Seven). (Doc. 30).

Prior to the resentencing, Defendant submitted a sentencing memorandum urging leniency to account for extraordinary family circumstances occasioned by his family's involvement in a serious traffic accident after the original sentencing. (Doc. 190 at p. 4). The memorandum alleged that Petitioner's wife was permanently disabled as a result of the accident. (*Id.*). Thereafter, Petitioner was resentenced on March 14, 2014, to term of imprisonment of 120 months. (Doc. 194). In imposing a ten-year sentence at the resentencing, the Court expressly considered: Petitioner's family circumstances, and the medical records regarding his wife's condition, which included the fact that his wife suffered a traumatic brain injury and was unable to work. (Doc. 197 at pp. 11, 13, 22).

Nonetheless, Petitioner's first Motion to Clarify requests that the Court clarify that certain medical reports, both of which are dated after Petitioner was resentenced on March 14, 2014, were or were not considered by the Court at the resentencing.[2] (Doc. 218). The second Motion to Clarify requests that the Court supplement the record to include numerous photographs that presumably document his family's traffic accident. (Doc. 220). The United States has opposed these motions arguing that these motions are neither necessary nor relevant to any matter currently before the Court. (Doc. 234).

---

[2] This clarification is requested because Petitioner alleges that the Bureau of Prisons (BOP) has denied his request for a compassionate release based on his wife's disability. (Doc. 218 at pp. 1–2). According to the documentation submitted by Petitioner, BOP denied reconsideration of the request because "Chief Judge Jackson considered [Petitioner's] wife's condition, as well as the hardships it caused to the children when he re-sentenced [Petitioner] to 120 months incarceration." (Doc. 218-1 at p. 6).

Although the Court is sympathetic to Petitioner's circumstances, it nonetheless agrees that such orders are unnecessary. It is clear that the Court did not consider medical reports dated months after the March 14, 2014, resentencing date. Furthermore, Petitioner stated in his motion that "because [the Court] could not have foreseen medical diagnoses which had not yet been rendered or reduced to writing, there are extraordinary and compelling circumstances . . . within the meaning of 18 U.S.C. [§] 3582(c)(1)(A)," the statute that permits modification of an imposed term of imprisonment. (Doc. 218-1 at pp. 12–13). However, because the Bureau of Prisons (BOP) has not filed a motion for a sentence reduction as required by 18 U.S.C. §3582(c)(1)(A), it is improper for the Court to construe this motion as being brought pursuant to § 3582, thereby rendering the Court without jurisdiction.[3] *United States v. Ibarra-Alcarez*, 588 F. App'x 345, 346 (5th Cir. 2014). *See also United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997) (noting that a district court's jurisdiction to correct or modify a final sentence is limited to those specific circumstances enumerated in § 3582(b)).

Here, none of the arguments raised by Petitioner fall within any of these limited circumstances; therefore, the Court does not have jurisdiction to clarify,

---

[3] The sentence imposed upon a judgment of conviction is generally final and may be modified in only a limited number of circumstances, such as (1) where the director of the BOP moves, as outlined in § 3582(c)(1)(A), for a sentence reduction based upon "extraordinary and compelling reasons" and indicates that a reduction is consistent with the 18 U.S.C. § 3553(a) sentencing factors; (2) where, as outlined in § 3582(c)(2), a defendant was sentenced based upon a sentencing range that has subsequently been lowered by the Sentencing Commission; (3) where permitted by the provisions of Federal Rule of Criminal Procedure 35 and 18 U.S.C. § 3742; and (4) if the sentence is outside of the guideline range, where permitted by the provisions of § 3742. *See* § 3582(b); *Ibarra-Alcarez*, 588 F. App'x at 346.

modify, or correct his sentence. *See Bridges*, 116 F.3d at 1112; *Ibarra-Alcarez*, 588 F. App'x at 346.

Accordingly,

**IT IS ORDERED** that the Petitioner's **Motions to Clarify Matters Considered by the Court in its Resentencing Defendant (Docs. 218, 220)** are **DENIED**.

Baton Rouge, Louisiana, this 21st day of May, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**