UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| THOMAS A. NELSON, JR. | NO.: 10-00099-BAJ-SCR-1 |

### ORDER

Before the Court is the **Motion for Certificate of Appealability (Doc. 276)** by Petitioner. For the reasons stated herein, the motion is **DENIED**.

I.  **LEGAL STANDARD**

To obtain a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To demonstrate this, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further. *Id.*

II. **ANALYSIS**

Petitioner seeks to certify three issues for appeal. One issue stems from his actual innocence claim and the remaining two stem from his ineffective assistance of counsel claim. The Court addresses each in turn.

### A. Actual Innocence

Petitioner asserts that the Court erred in refusing to conduct an evidentiary hearing on Petitioner's claim of actual innocence under *McDonnell v. United States*, 136 S.Ct. 2355 (2016). The Court concluded that Petitioner's claim of actual innocence was meritless based on a thorough review of an extensive trial record. The record indicated that Petitioner received funds in exchange for facilitating the awarding of New Roads' contracts to Cifer, a fictitious company created by the FBI. Petitioner also received funds in exchange for assisting Cifer in obtaining a three to four million dollar grant from the EPA. (Doc. 271 at p. 12). These activities clearly qualify as official acts under *McDonnell*. Petitioner has not pointed to any facts that could alter the Court's conclusion. Accordingly, Petitioner is not entitled to a certificate of appealability on this issue.

### B. Ineffective Assistance of Counsel

Petitioner asserts that the Court erred in finding that Petitioner was not prejudiced by former counsel Mr. Pate's allegedly deficient performance and by not addressing Mr. Pate's failures to (1) adequately advise Mr. Nelson concerning the expansion of his sentencing exposure as well as (2) determine whether the Government's plea offer remained open after Petitioner chose to retract his guilty plea and subsequently advise Petitioner of this option. The Court, in its ruling on Petitioner's Motion to Vacate, did not render a conclusion as to whether Mr. Pate's performance fell below an objective standard of reasonableness given the lack of clarity in the record. (Doc. 271 at p. 14). However, the Court did conclude that

Petitioner failed to prove prejudice. The evidence indicated that Petitioner sought out Mr. Pate as his trial counsel only after he decided to not plead guilty to the offense charged in the Indictment, despite a detailed discussion with prior counsel regarding the consequences of his decision. Thus, regardless of what advice Mr. Pate would have provided, including the consequences of failing to plead guilty, the merits of an entrapment defense, and the continued availability of the option to plead guilty, the evidence adduced at the hearing on the motion revealed that Petitioner would have chosen to go to trial notwithstanding any such discussion with Mr. Pate. This is evidenced by the fact that Petitioner's prior counsel, who represented and advised him prior to the hiring of Mr. Pate, provided all of the required legal advice that Petitioner now contends would have led him to alter his decision to plead guilty had the advice been provided to him by Mr. Pate rather than his prior counsel. Accordingly, the Court concludes that reasonable jurists would not debate whether Plaintiff could prove his ineffective assistance claim. As such, Petitioner is not entitled to a certificate of appealability on the issues stemming from his ineffective assistance of counsel claim.

## III. CONCLUSION

Accordingly,

Petitioner's **Motion for Certificate of Appealability (Doc. 276)** is **DENIED.**

Baton Rouge, Louisiana, this 10th day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**